1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12

| | |
|---|---|
| NORMAN ANTHONY BROWN, ) | NO. EDCV 15-0429-CBM (JEM) |
| Petitioner, ) | |
| v. ) | **ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY** |
| M. FRINK, Warden, ) | |
| Respondent. ) | |

13
14
15
16
17
18

On March 6, 2015, Norman Anthony Brown ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").  (Docket No. 1.)

### PRIOR PROCEEDINGS

In June 1982, in Riverside County Superior Court, Case No. CR-19235, Petitioner was convicted of kidnapping, robbery, six counts of oral copulation, two counts of rape, and one count of rape with a foreign object.  (Order Summarily Dismissing Successive Petition For Writ Of Habeas Corpus For Failure To Obtain Prior Authorization From The Ninth Circuit ("Dismissal Order"), filed on April 4, 2014, Brown v. Figuroa, Warden, Case No. EDCV 14-0466 CBM (AN),

19
20
21
22
23
24
25
26
27
28

at 1; Petition at 2).[1]  Petitioner was sentenced to 70 years in state prison.  (Dismissal Order at 1).

In 1986, Petitioner filed a petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. Section 2254, in this Court, Case No. CV 86-5637 CBM (B) ("1986 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  The 1986 Petition was dismissed on the merits. (See Dismissal Order at 2).

In 1990, Petitioner filed another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. CV 90-2494 WDK (B) ("1990 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  The 1990 Petition was dismissed on the merits. (See Dismissal Order at 2).

In 1994, Petitioner filed another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. CV 94-7399 JGD (GHK) ("1994 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  The 1994 Petition was dismissed as an abuse of the writ. (See Dismissal Order at 2).

In 1999, Petitioner filed another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. CV 99-9057 CBM (AN) ("1999 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  The 1999 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2).

In 2007, Petitioner filed another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. EDCV 07-0191 CBM (AN) ("2007 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  The 2007 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2).

---

[1]  The Court takes judicial notice of the files and records in Brown v. Figuroa, Warden, Case No. EDCV 14-0466 CBM (AN).  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

1    In 2010, Petitioner filed another petition for writ of habeas corpus by a person in state
2  custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. EDCV 10-1831 CBM (AN) ("2010
3  Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court
4  Case No. CR-19235.  The 2010 Petition was dismissed as an unauthorized successive petition.
5  (See Dismissal Order at 2).

6    In 2013, Petitioner filed another petition for writ of habeas corpus by a person in state
7  custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. EDCV 13-1181 CBM (AN) ("2013
8  Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court
9  Case No. CR-19235.  The 2013 Petition was dismissed as an unauthorized successive petition.
10 (See Dismissal Order at 2-3).

11   In 2014, Petitioner filed another petition for writ of habeas corpus by a person in state
12 custody, pursuant to 28 U.S.C. § 2254, in this Court, Case No. EDCV 14-0466 CBM (AN) ("2014
13 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court
14 Case No. CR-19235.  The 2014 Petition was dismissed as an unauthorized successive petition.
15 (See Dismissal Order at 1-5).

16   On March 6, 2015, Petitioner filed the instant Petition.  In the Petition, Petitioner challenges
17 his conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  (See
18 Petition at 1-9).

19                                  **DISCUSSION**

20   The present Petition is governed by the provisions of the Antiterrorism and Effective Death
21 Penalty Act of 1996 ("AEDPA").  AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part,
22 as follows:

23        (b)(1) A claim presented in a second or successive habeas corpus
24        application under section 2254 that was presented in a prior application shall
25        be dismissed.

26        (2) A claim presented in a second or successive habeas corpus
27        application under section 2254 that was not presented in a prior application
28        shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging Petitioner's conviction and/or sentence in Riverside County Superior Court Case No. CR-19235.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court."  Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application."  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003) (internal quotation marks and citation

1  omitted); accord Burton v. Stewart, 549 U.S. 147, 152, 127 S.Ct. 793, 796 (2007) (per curiam).

2  Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider

3  the merits of Petitioner's Petition.  See Magwood, 130 S.Ct. at 2796 ("if [petitioner's] application

4  [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner]

5  failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S.

6  at 152, 127 S.Ct. at 796.  Accordingly, the Court will dismiss the Petition without prejudice to

7  Petitioner filing a new action if and when he obtains permission to file a successive petition.[2]

8       Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without

9  prejudice for lack of jurisdiction.

10  ## CERTIFICATE OF APPEALABILITY

11       Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a

12  habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge

13  or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made

14  a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams

15  v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies

16  this standard by demonstrating that jurists of reason could disagree with the district court's

17  resolution of his constitutional claims or that jurists could conclude the issues presented are

18  adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327,

19  123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595,

20  1603-04 (2000).

21       When a district court dismisses a petition on procedural grounds, the reviewing court should

22  apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists

23  of reason would find it debatable whether the district court was correct in its procedural ruling[;]"

24  and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of

25  the denial of a constitutional right[.]"  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

26

27  [2] If Petitioner obtains permission to file a second petition, he should file a new petition for writ
of habeas corpus.  He should not file an amended petition in this action or use the case number

28  from this action because the instant action is being closed today.   When Petitioner files a new
petition, the Court will give the petition a new case number.

The Court is dismissing the Petition without prejudice because it is a second or successive petition.  Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 478, 120 S.Ct. at 1600-01.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is **dismissed without prejudice** for lack of jurisdiction;

2.  Any and all pending motions are **terminated**;

3.  A Certificate of Appealability is **denied**.

DATED: March 17,  2015.

_____

FOR    CONSUELO B. MARSHALL
SENIOR UNITED STATES DISTRICT JUDGE